UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHARIA ANTORICE NA'EEM-<br>  MUSIDDIQ,<br>      Appellant,<br><br>      v.<br><br>DEPARTMENT OF DEFENSE,<br>      Agency. | DOCKET NUMBER<br>AT-0752-24-0755-I-1<br><br><br>DATE:  February 25, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharia Antorice Na'eem-Musiddiq</u>, Elgin, South Carolina, pro se.

<u>Nicole Rapone</u>, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction without holding a hearing.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over appeals of employees' voluntary actions. *O'Clery v. U.S. Postal Service*, 67 M.S.P.R. 300, 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); 5 C.F.R. § 752.401(b)(9). However, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so. *Spiegel v. Department of the Army*, 2 M.S.P.R. 140, 141 (1980). An employee may establish Board jurisdiction over a constructive adverse action, in this case a purported constructive removal, by proving that she lacked a meaningful choice in the matter and that the agency's wrongful actions deprived her of that choice. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013). In assessing whether an appellant has made nonfrivolous allegations[2] that would entitle her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence contradicts the appellant's otherwise prima facie showing of jurisdiction, the

---

[2] A nonfrivolous allegation is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

administrative judge may not weigh evidence and resolve conflicting assertions of the parties. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

The administrative judge considered the appellant's allegations that the agency restricted her email access, including her ability to consult with equal employment opportunity (EEO) personnel, and that it purportedly wrongfully called the police on her, but she concluded that the appellant did not allege that the agency created an environment that was so intolerable as to cause a reasonable person to resign. Initial Appeal File (IAF), Tab 9, Initial Decision (ID) at 4-6. The administrative judge considered and rejected the appellant's assertion that the agency "tried to end her career by imprisonment," finding that, according to the appellant's own description of what occurred, she was not arrested or threatened with arrest on the day in question.[3] ID at 4. Finally, the administrative judge found that, at the time of her resignation, the agency had not threatened the appellant with discipline or removal. *Id.*

On review, the appellant reasserts that her working conditions were rendered intolerable when the agency called the police and made—or threatened to make—a report about her. Petition for Review (PFR) File, Tab 1 at 2. We have considered her assertion that the agency's action caused her to suffer anxiety and a panic attack. IAF, Tab 6 at 2. Notwithstanding, we do not find that a reasonable person would have felt compelled to resign. *See, e.g., Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 19-20 (2008) (finding that an appellant who, among other things, was accompanied by agency police at his worksite failed to nonfrivolously allege that a reasonable person in his position

---

[3] The administrative judge appears to have weighed evidence in concluding that the appellant was disruptive on the day in question. ID at 5. Any such error was harmless, however, because, even accepting as true the appellant's assertion that the agency engaged in wrongful action by contacting the police, she has not nonfrivolously alleged that she had no reasonable choice but to resign. *See Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11; *see also Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

would have been compelled to resign); *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 26 (2007) (observing that the alleged worsening of the appellant's medical condition caused by the agency's actions was insufficient to render his decision to retire involuntary); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (stating that an employee is not guaranteed an environment free of stress).

The appellant has also asserted on review that the agency retaliated against her for her protected EEO activity. IAF, Tab 8 at 11; PFR File, Tab 1 at 2. The administrative judge did not explicitly address this claim in the initial decision. Evidence of discrimination or retaliation may be considered insofar as it relates to the issue of voluntariness, i.e., whether under all of the circumstances, working conditions were rendered so intolerable that a reasonable person in the employee's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996). Even accepting as true that the agency engaged in wrongful action because of the appellant's protected EEO activity, we find that the appellant has not nonfrivolously alleged that her choice to resign was reasonable. *See Bean*, 120 M.S.P.R. 397, ¶¶ 8, 11. Rather, she could have awaited the conclusion of the EEO process or filed a grievance under any applicable procedures before resigning. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that a resignation was not involuntary because the appellant did not prove that awaiting the completion of the EEO process would have been futile). Finally, to the extent the appellant has attempted to assert for the first time on review that the agency retaliated against her for whistleblowing activity protected under 5 U.S.C. § 2302(b)(8), she has alleged no facts in support of such a claim. PFR File, Tab 1 at 2. Based on the foregoing, we deny the appellant's petition for review and affirm the initial decision.[4]

---

[4] The appellant attached to her petition for review copies of pleadings that are already in the record. PFR File, Tab 1 at 6-69.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:       _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.